**Marie Andrice OLLIVIER, Petitioner,**

v.

**U.S. ATTORNEY GENERAL,
Respondent.**

No. 15–10255
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 7, 2016.

Peter Loblack, Law Office of Peter Loblack, PA, Plantation, FL; for Petitioner.

Jeffrey Ronald Meyer, U.S. Department of Justice, Oil, Office of Immigration Litigation, Washington, DC, Nicole Guzman, DHS, Office of Chief Counsel, Orlando, FL, for Respondent.

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Marie Andrice Ollivier,[1] a native and citizen of Haiti, petitions for review of the Board of Immigration Appeal's dismissal of her appeal from an Immigration Judge's denial of her applications for asylum, withholding of removal, and protection under the Convention Against Torture based on an adverse credibility finding. Ms. Ollivier contends that the BIA and IJ abused their discretion because their adverse credibility findings were not supported by specific, cogent reasons or by substantial evidence. Following review of the parties' briefs and the record, we deny the petition.

We review factual determinations, including credibility determinations, under the substantial evidence test and must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254–55 (11th Cir.2006). When applying for asylum or withholding of removal, an applicant's testimony, if credible, may be sufficient to sustain the burden of proof, even without corroborating evidence. *Id.* at 1255. Conversely, if an applicant relies solely on her testimony, an adverse credibility determination may be

Pennsylvania, sitting by designation.

1. Ms. Ollivier's last name appeared in the administrative proceedings and in her opening brief as "Ollivier;" but, her surname appears to have been docketed as "Olliver."

787

sufficient by itself to support the denial of an application. *See Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir.2005).

Pursuant to the REAL ID Act, a credibility determination may be based on the totality of the circumstances, including (1) the demeanor, candor, and responsiveness of the applicant; (2) the plausibility of the applicant's account; (3) the consistency between the applicant's written and oral statements; (4) the internal consistency of each statement; and (5) the consistency of the applicant's statements with other record evidence. *See* INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, an adverse credibility determination may be based on inconsistencies, inaccuracies, or falsehoods, regardless of whether they relate to the heart of an applicant's claim. *Id.* When the IJ makes an adverse credibility finding, the burden is on the applicant to demonstrate that the decision was not supported by "specific, cogent reasons" or was not based on substantial evidence. *Ruiz*, 440 F.3d at 1255.

In this case, both the BIA and the IJ gave specific, cogent reasons to support the adverse credibility finding. First, Ms. Ollivier gave conflicting statements in her asylum interview and at the merits hearing regarding when she left her job. Second, Ms. Ollivier was inconsistent in her description of the duration and the route she took in her flight from Haiti to the Dominican Republic. Finally, in her supplemental statement and her asylum interview, Ms. Ollivier failed to mention her mother's beating from the chain of events that propelled her forced exodus from Haiti.

The record, as a whole, does not compel a finding that Ms. Ollivier was credible. Substantial evidence supports the BIA's and the IJ's conclusion that, in light of the adverse credibility finding, Ms. Ollivier failed to meet her burden of proving eligibility for asylum, withholding of removal, or CAT relief.

Thus, we deny the petition.

**PETITION DENIED.**